IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV59-1-MU

| | |
|---|---|
| ROBERT E. KENNEDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| LAWRENCE SOLOMON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed February 20, 2007.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's Motion for Summary Judgment should be granted and Petitioner's § 2254 petition for writ of habeas corpus should be dismissed.

## PROCEDURAL BACKGROUND

On February 7, 2006, Petitioner pled guilty in the Superior Court of Gaston County to larceny of a motor vehicle, four counts of larceny from the person, and one count of assault and battery, as an habitual felon. Petitioner was sentenced to 135-171 months imprisonment. Petitioner did not directly appeal his sentence or conviction.

On June 19, 2006, Petitioner filed a pro se Motion for Appropriate Relief (MAR) in the Superior Court of Gaston County. On October 31, 2006, Petitioner's MAR was summarily denied. On January 8, 2007, Petitioner filed a pro se certiorari petition in the North Carolina

Court of Appeals. On January 23, 2007, certiorari was denied.

On or about January 28, 2007, Petitioner filed the instant federal habeas petition. In his federal habeas petition Petitioner alleges that: (1) his guilty plea and sentence violate his due process and equal protection rights because he was not sentenced in the presumptive range; (2) his guilty plea was involuntary; and (3) his guilty plea and sentence violate his due process and equal protection rights because a prior conviction used for his habitual felon status was used in error.

## ANALYSIS

### A. APPLICABLE LAW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state

court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may <u>not</u> issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## B. <u>FAILURE TO SENTENCE IN PRESUMPTIVE RANGE</u>

Petitioner alleges that his guilty plea and sentence violated his due process and equal protection rights because he was not sentenced in the presumptive range.

Petitioner's claim is essentially that the state court erroneously applied the state sentencing laws. In support of his claim, Petitioner merely makes the broad assertion that his alleged erroneous state sentence violated his due process rights – he provides no further analysis as to how the alleged misapplication of state law violated his due process rights. Every misapplication of state law is not a violation of due process. This Court does not agree that the alleged state sentencing error in the instant case rises to the level of a due process violation. Because claims arising from state law are not cognizable on federal habeas review his claim must fail. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir.), cert. denied, 527 U.S. 1016 (1999).

Moreover, even if Petitioner's claim was found to state a due process claim, to the extent

he raised this issue in state court in his MAR,[2] the MAR court ruled that "the Motion sets forth no probable grounds for relief." A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Consequently, because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner has not satisfied either of these prongs and therefore his claim must fail.

Finally, the Court notes that Petitioner's claim is not accurate. That is, Petitioner was sentenced to the exact terms agreed upon by the parties and set forth in his plea agreement. Moreover, the agreed upon sentence reflected the presumptive range for Petitioner's convictions. See N.C.G.S. § 15A-1340.17© and (e). Consequently, Petitioner was sentenced within the presumptive range for his type of felony and prior record level and therefore his claim is meritless. **C. <u>INVOLUNTARY GUILTY PLEA</u>**

Petitioner also alleges that his guilty plea was involuntary. More specifically, Petitioner alleges that the "information [he] received from [his] attorney was not what happened when I was sentence. He told me one thing but I was sentence to some that was not what I was told

---

[2] To the extent Petitioner did not raise this claim in his MAR, it would be procedurally defaulted. See N.C.G.S. § 15A-1419(a)(1) and (b)(claim shall be denied when defendant was in adequate position to have raised it in prior MAR but did not do so, absent cause and prejudice and a fundamental miscarriage of justice).

(sic)."

The Court notes that Petitioner arguably raised the substance of his current involuntary guilty plea claim in his MAR.[3] In denying this claim, the MAR court ruled "the Motion sets forth no probable grounds for relief." A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Consequently, because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md.,

---

[3] The Court notes that to the extent Petitioner did not raise this claim in his MAR, it would be procedurally defaulted. See N.C.G.S. § 15A-1419(a)(1) and (b)(claim shall be denied when defendant was in adequate position to have raised it in prior MAR but did not do so, absent cause and prejudice and a fundamental miscarriage of justice).

956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).

Upon examining the record, this Court finds that Petitioner cannot establish that his counsel was deficient or that he was prejudiced by any alleged deficient performance. That is, Petitioner was sentenced to the exact terms of his plea agreement. His plea agreement specifically set forth that the parties agreed that he would receive an active sentence of 135 to 171 months maximum, with 85 days of jail credit. Petitioner swore under oath at his plea hearing that the above were the only terms or conditions of his plea. (Plea Form). In addition, Petitioner swore, under oath, that he had discussed his case with his lawyer who had explained to him the nature of the charges, every element of the charges as well as possible defenses to the charges. Id. The Court also notes that both the prosecutor and Petitioner's defense counsel signed the printed plea transcript form.

The Supreme Court has held that "representations of the defendant, his lawyer, and the prosecutor at such a [guilty plea] hearing as well as any findings made by the judge accepting the plea constitute a formidable barrier in subsequent collateral proceedings." Blackledge v. Allison,

431 U.S. 63, 73-74 (1977). Petitioner offers no argument or evidence even remotely sufficient to overcome the barrier referred to in Blackledge.

Petitioner has not established that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**D. ERRONEOUS HABITUAL FELON STATUS**

Petitioner alleges that his sentence violated his due process and equal protection rights because one of his prior convictions used in the State's habitual felon indictment was not correct. In particular, Petitioner alleges that all of the dates used in the habitual felon indictment were not correct.

The Court notes that Petitioner raised the substance of his current due process and equal protection claim in his MAR. In denying this claim, the MAR court ruled that "the Motion sets forth no probable grounds for relief." A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Consequently, because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

To the extent Petitioner is challenging an habitual felon indictment, alleged deficiencies

in state court indictments are not ordinarily a basis for federal habeas relief unless they render the entire proceeding fundamentally unfair, which is not the case here. See Asheford v. Edwards, 780 F.2d 405 (4th Cir. 1985).

Moreover, Petitioner raised the substance of his current habitual felon claim in his MAR. As noted above, the MAR Court ruled that "the Motion sets forth no probable grounds for relief." Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). The state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Moreover, any error with regard to Petitioner's habitual felon guilty plea was harmless error given that Petitioner does not establish that he did not have the necessary predicate convictions which would qualify him as a habitual felon. See Brecht v. Abrahamson, 507 U.S. 619 (1993)(harmless error standard on federal habeas review requires trial error to have "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief). Petitioner makes the broad unsupported assertion that one of his predicate convictions was in error. He does not, however, elaborate upon this contention. Given that the state record contains the state court indictments for the three predicate felonies used to qualify Petitioner for habitual felon status, any alleged minor discrepancy with regard to dates is no more than harmless error.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

Signed: April 17, 2007

Graham C. Mullen
United States District Judge